BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID CALLWAWAY (CABN 121782)
Chief, Criminal Division

THOMAS MOORE (ALBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94612
    Telephone: (415) 436-7017


Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>YOLANDA ABERIN SCOTT,<br><br>      Defendant. | Case No.: CR-15-313-RMW<br><br>STIPULATION AND [proposed]<br>PROTECTIVE ORDER |

STIPULATION

    The parties stipulate as follows:

    1.    Defendant YOLANDA ABERIN SCOTT was charged with aiding and assisting in the filing of false tax returns, in violation of Title 26, United States Code, Section 7206(2).

    2.    The discovery in this matter contains, among other things, significant amounts of private financial information about numerous individuals, as well as confidential tax return and taxpayer return information within the meaning of Title 26, United States Code, Section 6103(b).  Disclosure of such tax return and taxpayer information is governed by Title 26, United States Code, Section 6103(a), which mandates that returns and return information shall be confidential, except as authorized by Section 6103.

1   Section 6103(h)(4)(D) permits disclosure to the Defendant of such tax return and taxpayer information

2   in accord with Rule 16 of the Federal Rules of Criminal Procedure, but further disclosure of this tax

3   return and taxpayer return information by the Defendant and her attorney is restricted by Section 6103.

4     3.  The government intends to provide defense counsel with other individuals' private

5   financial information that will likely be disclosed to the Defendant.

6     4.  The parties agree that the discovery will be provided subject to the following conditions:

7     A.  Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Title 28,

8   United States Code, Section 1651, unauthorized disclosure of discovery material and information

9   contained therein to nonlitigants is prohibited under the following provisions (when the term

10  "Defendant" is used, said term encompasses an attorney for the Defendant):

11    i.  All materials provided as discovery which were produced by the government in

12  preparation for or in connection with any stage of the proceedings in this case, including, but not limited

13  to, investigators or agency reports, grand jury transcripts, witness statements, memoranda of interview,

14  audio and video tapes, tax returns, correspondence with the Internal Revenue Service, internal books and

15  records of a witness's business, and any documents provided by the government other than trial exhibits

16  (i.e., items actually admitted during the trial and made part of the records), remains the property of the

17  United States.  All such materials and all copies made thereof shall be returned to the United States

18  Attorney's Office, Tax Division unless otherwise ordered by the Court or agreed upon by the parties, at

19  the occurrence of the last of the following:

20    –  the completion of all appeals, habeas corpus proceedings, clemency or pardon

21      proceedings, or other post-conviction proceedings;

22    –  the conclusion of the sentencing hearing; or

23    –  the earlier resolution of charges against the Defendant.

24    B.  Such materials provided by the United States may be utilized by the Defendant solely in

25  connection with the defense of this case and for no other purpose and in connection with no other

26  proceeding.

27    C.  Upon written request to the United States, by the Defendant, at or before the time of such

28  return, all specified materials returned shall be segregated and preserved by the United States in

1   connection with any further proceedings related to this case, which are specified in such request until

2   such proceedings are concluded.

3           D.      Such materials and their contents, and any notes or other record of such materials or their

4   contents, shall not be disclosed either directly or indirectly to any person or entity other than the

5   Defendant, persons employed to assist in the defense or prosecution of this matter, or such other persons

6   as to whom the Court may expressly authorize disclosure upon proper motion.

7           E.      Such materials shall not be copied or reproduced except as necessary to provide copies of

8   the material for use by an authorized person as described above to prepare and assist in the defense or

9   prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as

10  the original matter.  Certain documents include information private to the government's witnesses and

11  are made available to the Defendant only as a result of the above strict guidelines.  These documents

12  may include, but are not limited to:

13          F.      Witnesses' correspondence with the Internal Revenue Service;

14          i.      Grand jury statements of witnesses;

15          ii.     Witnesses' e-mail communications;

16          iii.    Statements of witnesses contained in agents' reports;

17          iv.     Witnesses' bank records and, possibly, summaries of bank records.

18          G.      Before any such disclosure to the Defendant, defendant's counsel shall personally inform

19  the Defendant of the provisions of this order and direct her not to disclose any information contained in

20  the government's discovery in violation of this order, and shall inform her that any unauthorized

21  disclosure may be punished as contempt of court.  Defense counsel agrees to keep the discovery in her

22  possession and agrees only to provide access to the Defendant for review of it.

23          H.      The Defendant shall be responsible for controlling and accounting for all such material,

24  copies, notes, and other records described above, and shall be responsible for assuring full compliance

25  by herself and any person assisting in her defense with this order. Written certification of such

26  compliance shall be made to the Court at the time discovery materials are returned to the United States.

27          I.      The provisions above are not meant to limit use of information provided in discovery

28  from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1  this litigation, unless the discovery information is protected by another order protecting information

2  received from a financial institution regulatory agency.

3          WHEREFORE, in the best interests of the administration of justice and because of the

4  importance of protecting potential witnesses and others, it is requested that a protective order as

5  described above be entered in this case.

6

7                                          BRIAN J. STRETCH
                                           Acting United States Attorney
8

9                                           /s/ Thomas Moore
                                           THOMAS MOORE
10                                          Assistant United States Attorney
                                           Attorney for the United States
11

12

13                                         /s/ Kathleen F. Sherman
                                           KATHLEEN F. SHERMAN
14                                          BERLINERCOHEN LLP
                                           Attorney for Defendant
15

16

17

18
   **IT IS SO ORDERED.**
19

20

21  Dated: October,_____26_____2015          Ronald M. Whyte
                                           _____
22                                          HONORABLE RONALD M. WHYTE
                                           United States District Court Judge
23

24

25

26

27

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR-15-313-RMW                    4